[Cite as *Wagenbrenner v. Ohio State Dept. of Job & Family Servs.*, 2017-Ohio-7842.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Scott Wagenbrenner, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 17AP-291 |
| | | (C.P.C. No. 16CVF-12-10509) |
| Ohio State Department of Job and Family Services, | : | |
| | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2017

**On brief:** *Law Offices of James P. Connors*, and *James P. Connors*, for appellant. **Argued:** *James P. Connors.*

**On brief:** *Michael DeWine*, Attorney General, and *Alan Schwepe,* for appellee. **Argued:** *Alan Schwepe.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Scott Wagenbrenner is appealing from the denial of his application for unemployment compensation. He assigns a single error for our review:

> THE TRIAL COURT AND UNEMPLOYMENT COMPENSATION REVIEW COMMISSION ERRED BY DENYING SCOTT WAGENBRENNER'S UNEMPLOYMENT CLAIM BECAUSE ITS DECISION WAS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} As can be inferred from the assignments of error, Wagenbrenner was working as a sales representative when he was fired. After he applied for unemployment

benefits, the benefits were denied based on a finding that he was fired for just cause. He and his counsel contest that finding which was affirmed on administrative appeal to the Franklin County Court of Common Pleas.

{¶ 3} Wagenbrenner was terminated during June 2016 before the second quarter for 2016 was completed. The Ohio Department of Job and Family Services ("ODJFS") initially found that Wagenbrenner was discharged without just cause and then almost immediately reversed itself and denied Wagenbrenner's claim.

{¶ 4} Wagenbrenner had worked for over 5 years for Vector Security, Inc. as a commercial sales representative. He apparently met his sales quotas until he failed to meet his quota for the first quarter of 2016. As for the second quarter, he was expected to bring in revenue of $27,000 per month plus $345 per month in recurring monthly revenue ("RMR"). In April 2016, he brought in less than $22,000 in revenue and less than $90 in RMR. In May 2016, his revenue figure was only $8,106 and his RMR was $25.

{¶ 5} For a court to overturn a decision of the review commission, the court must find that the decision of the review commission was unlawful, unreasonable or against the manifest weight of the evidence. *See* R.C. 4141.282(H).

{¶ 6} We cannot say the review commission's decision was unlawful or unreasonable. Wagenbrenner had missed his required quotas for the first quarter and two subsequent months and seemed to be on the way to miss the quota for a third month. Terminating the employment of a sales representative who has met less than half his required sales quota one month and less than one third of his required sales quota the next month is not unlawful or unreasonable.

{¶ 7} Further the evidence as to the failure to make first quarter quota and the quotas in April and May 2016 is clear and uncontested. The fact that Wagenbrenner might have pulled in some additional revenues in the last ten days of June 2016 does not change the April and May figures. The review commission's decision was not against the manifest weight of the evidence.

{¶ 8}    Applying the standard set forth in R.C. 4141.282(H), the assignment of error is overruled.    The judgment of the court of common pleas affirming the review commission is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

————————